UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ROBERT KING, on behalf of himself
and all others similarly situated, and;

ALMA PENA, on behalf of herself
and all others similarly situated,

      Plaintiffs,

v.

SPIRIT AIRLINES, INC.,
a foreign corporation,

      Defendant.
_____/

## ORIGINAL COMPLAINT

Plaintiffs, ROBERT KING, on behalf of himself and all others similarly situated, and ALMA PENA, on behalf of herself and all others similarly situated, through their undersigned retained counsel file this Complaint against the Defendant, SPIRIT AIRLINES, INC., a foreign corporation, and allege:

## JURISDICTION AND VENUE

1. Plaintiffs bring this action against the Defendant pursuant to 29 U.S.C. § 201 *et seq.* (the "Fair Labor Standards Act" or "FLSA"). Plaintiffs and those similarly situated to each of them nationwide who may later opt into this action, seek to recover from Defendant unpaid overtime compensation, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to Section 16(b) of the FLSA, Title 29, United States Code, § 216(b).

2. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper for the United States District Court for the Southern District of Florida because:

(a) The Plaintiffs were employed in the Southern District of Florida by Defendant, who at all material times conducted, and continue to conduct, business in the Southern District of Florida; and

(b) Additionally, venue lies pursuant to 28 U.S.C. § 1391(b) & (c), because the acts that give rise to the Plaintiffs' claims occurred within the Southern District of Florida, numerous current and former employees who are similarly situated to each named Plaintiff and who desire to opt into this action work and reside within the district, and because the Defendant is subject to personal jurisdiction there.

## CONDITIONS PRECEDENT

4. Plaintiffs have complied with all conditions precedent in this case, or they have been waived. Pursuant to the "notice of consent" requirements of 29 U.S.C. § 216(b) the named Plaintiffs have attached to this Complaint their written consents to join in this litigation. *See Notices of Consent*, attached hereto at Attachment 1.

## PARTIES

5. The named Plaintiffs are citizens/ legal residents of the United States who reside within the Southern District of Florida.

6. Defendant is a Delaware corporation that at all times material conducted substantial and continuous business in the Southern District of Florida, and is subject to the laws of the United States and of the State of Florida.

7. At all times material hereto, Defendant was and is an "employer" within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

8. At all times material hereto, Defendant was and is an "enterprise" engaged in interstate commerce pursuant to 29 U.S.C. § 203(r) and (s) of the Fair Labor Standards Act.

9. Plaintiffs and those similarly situated to each of them who may later opt into this action were individually engaged in commerce at all times relevant to this action.

10. During all times relevant to this action, each named Plaintiff and those similarly situated to each of them who may later opt into this action were "employees" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

11. Plaintiffs and those similarly situated to each of them who may later opt into this action are FLSA non-exempt employees and/or former employees of Defendant who are or who were subject to the payroll practices and procedures described herein and worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

12. This Complaint seeks to hold the Defendant liable for violations of wage and hour provisions of the Fair Labor Standards Act because at all times material to this Complaint, the Defendant intentionally failed to comply with 29 U.S.C. § 201-219 in that Plaintiffs and those similarly situated to each of them who may later opt in to this action worked compensable hours for Defendant for which no provision was made to properly pay

3

overtime wages for those hours and portions of hours worked in which overtime was required under law to be paid.

## STATEMENT OF GENERAL FACTS

13. Defendant is a discount or "ultra low cost" airline based in Miramar, Florida. Defendant provides and operates commercial passenger flights to and from numerous airports within the United States and in other countries.

14. Defendant employed Plaintiffs and those similarly situated to each of them who may later opt into this action.

15. In the course of their employment with Defendants, Plaintiffs and those similarly situated to each of them who may later opt into this action worked the number of hours required of them, but were not paid time and one-half for all hours worked in excess of forty (40) during a workweek.

16. Plaintiffs and those similarly situated to each of them who may later opt into this action regularly worked in excess of forty (40) hours per workweek.

17. Defendant was aware that Plaintiffs and all those similarly situated to each of them who may later opt into this action were working in excess of forty (40) hours during a workweek, and in fact were requested and/or suffered and/or permitted to do so.

18. Defendant was aware that the FLSA requires Plaintiffs and all those similarly situated to each of them who may later opt into this action to be paid overtime wages for hours worked in excess of forty (40) in a given workweek.

19. The additional persons who may become plaintiffs in this action, and whom the named Plaintiffs believe are entitled to notification of the pendency of this action and of their right to opt into this action, are current and former employees of Defendant similarly

4

situated to each named Plaintiff who are or were subjected to the payroll practices and procedures described below.

20. The records concerning the number of hours actually worked by Plaintiffs and all other similarly situated employees to each of them, and the compensation actually paid to such employees, are in the possession and custody and control of Defendant. Thus, Plaintiffs are unable to state at this time the exact amount due and owed them or to each similarly situated employee. Plaintiffs propose to obtain such information through appropriate discovery in this case and to prove the amounts due at trial.

21. Plaintiffs have retained the undersigned legal counsel to prosecute this action on their behalf, and have agreed to pay them a reasonable fee for their services.

22. Plaintiffs are entitled to their reasonable attorneys' fees and costs if they are the prevailing parties in this action.

## FACTS AND ISSUES COMMON TO ROBERT KING AND SIMILARLY SITUATED "CSA's"

23. Within the past three (3) years, Plaintiff ROBERT KING and those similarly situated to him who may later opt into this action worked for the Defendant as Customer Service Agents ("CSA's"). KING worked for Defendant at Fort Lauderdale-Hollywood International Airport in Broward County, Florida. Other similarly situated CSA's employed or formerly employed by Defendant worked at Fort Lauderdale-Hollywood International Airport as well as other airports in Florida and in other U.S. states.

24. ROBERT KING and all those similarly situated to him who may later opt into this action were subject to payroll practices in violation of the FLSA which resulted in them not being paid the overtime wages they were entitled to under the FLSA.

25. For example, KING and all those similarly situated to him who may later opt into this action were hourly non-exempt employees who were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) in each workweek. Nonetheless, Defendant engaged in a scheme in violation of the FLSA whereby Defendant arbitrarily and with no justification in equity or law deemed what it termed "shift trade" hours would not be considered as overtime hours. Specifically, whenever CSA's would "pick up" or "cover" or otherwise work another CSA's work shift (a frequent practice permitted and encouraged by Defendant), Defendant willfully chose not to pay time and a half for those hours worked (which otherwise would qualify as overtime hours) and/or would not count those "shift trade" hours worked in determining whether an employee was working in excess of 40 hours in a given workweek.

26. Another example of Defendant's willful non-compliance with the FLSA is that at all times material to this action Defendant implemented a pay policy which automatically deducted a half-hour "lunch break" each day from the pay of KING and all those similarly situated to him who may later opt into this action. Defendants wrongfully implemented and utilized this automatic half-hour deduction policy for CSA's despite knowing full well that Plaintiff and those similarly situated employees who may later opt into this action ordinarily did not and could not take a full 30-minute lunch break, often getting no lunch break at all, or a truncated break. Moreover, CSA's commonly performed work during this ostensible "lunch break." Thus, these CSA's were not afforded an uninterrupted 30-minute lunch break as required under the FLSA and the pertinent Federal Regulations if said lunch break is not to be considered compensable time.

## FACTS COMMON TO ALMA PENA AND SIMILARLY SITUATED "CSS's"

27. Within the past three (3) years, Plaintiff ALMA PENA and those similarly situated to her who may later opt into this action worked for the Defendant as Customer Service Supervisors ("CSS's"). PENA worked for Defendant at Fort Lauderdale-Hollywood International Airport in Broward County, Florida. Other similarly situated CSS's employed or formerly employed by Defendant worked at Fort Lauderdale-Hollywood International Airport as well as other airports in Florida and in other U.S. states.

28. ALMA PENA and all those similarly situated to her who may later opt into this action were subject to payroll practices and a deliberate misclassification scheme in violation of the FLSA which resulted in them not being paid the overtime wages they were entitled to under the FLSA.

29. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. §§ 201-19 in that Plaintiff ALMA and all other similarly situated CSS's, while employed by Defendant under the title and auspices of "Customer Service Supervisor," were intentionally misclassified as management exempt for purposes of overtime compensation eligibility. Plaintiff ALMA and all other similarly situated CSS's were in fact entitled to be paid overtime compensation for those workweeks in which they worked more than 40 hours, however, they were not paid the appropriate time-and-a-half wage for their overtime hours worked.

30. At all times pertinent to this Complaint, Defendant intentionally misclassified and improperly paid Plaintiff ALMA and all other CSS's as FLSA-exempt employees.

31. Defendants deceived ALMA and other similarly situated employees into believing that they were not entitled to overtime, even though they were so entitled under the FLSA.

## COUNT I

## FAIR LABOR STANDARDS ACT – RECOVERY OF OVERTIME COMPENSATION

32. Plaintiffs re-adopt, incorporate by reference, and re-allege Paragraphs 1 through 31 as though fully set forth.

33. Plaintiffs and those similarly situated to each of them who later may opt into this action are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) in each workweek.

34. By reason of the intentional, willful, and unlawful acts of Defendants, Plaintiffs and those similarly situated to each of them who later may opt into this action have suffered damages, plus incurring costs and reasonable attorneys' fees.

35. As a result of Defendants' willful violations of the Fair Labor Standards Act, Plaintiffs and those similarly situated to each of them who later may opt into this action are entitled to liquidated damages as provided for under the FLSA.

**WHEREFORE,** for workweeks within three (3) years of the filing of this Complaint, all Plaintiffs (the named Plaintiffs and those current and former employees similarly situated to each of them who will opt in to this action), demand judgment against Defendant for the wages and overtime wages due them for the hours worked by them for which they have not been properly compensated (back pay), liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief, including pre-judgment interest, and any further relief that the Court deems necessary.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: _February 15, 2011_

ATTORNEYS FOR PLAINTIFFS

DION J. CASSATA, P.A.
320 S.E. 10th Court
Fort Lauderdale, Florida 33316

Phone:      (954) 364-7803
Facsimile:  (954) 251-4787

BY: _/s/ Dion J. Cassata_
Dion J. Cassata
Fla. Bar No. 672564
*dion@cassatahanson.com*