UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CV-60334-COHN/SELTZER

ROBERT KING and
FAVIOLA L. GARCIA,

       Plaintiffs,

vs.

SPIRIT AIRLINES, INC.,

       Defendant.

_____/

## DEFENDANT'S RESPONSE TO MOTION FOR VOLUNTARY DISMISSAL

### I.     INTRODUCTION

After the time passed – on three occasions – for opposing Defendant Spirit Airlines, Inc.'s ("Spirit's") Motion for Summary Judgment (ECF Nos. 16 and 17), Plaintiffs have now moved for voluntary dismissal of this action (ECF No. 22), but to limit such dismissal with prejudice to claims under the Fair Labor Standards Act and to carve-out claims (which easily could have and should have been asserted in this action prior to the amendment deadline) stemming from the same core facts under state law or other theories.  It is inappropriate at this juncture to ask this Court to set aside the motion for summary judgment, and instead issue an order essentially facilitating claim-splitting in contravention of collateral estoppel and *res judicata* principles.  Spirit respectfully requests that this Court rule on the previously pending and properly supported motion for summary judgment, and deny Plaintiffs' motion as moot.

### II.    PROCEDURAL HISTORY

Plaintiffs initially filed this federal lawsuit alleging overtime claims, on behalf of plaintiffs and "all others similarly situated . . . who desire to opt into this action," under the Fair

Labor Standards Act (FLSA).  (Doc. 1, ¶¶ 3(b), 11).  Alleging in the Complaint that Spirit is an airline, and later realizing that airline employees are not subject to the overtime requirements of the FLSA,[1] Plaintiffs amended the complaint to abandon the overtime claims and instead allege another FLSA claim, on behalf of Plaintiffs and "those similarly situated to them nationwide who may later opt into this action," for recovery of minimum wage compensation.  (ECF No. 6, ¶ 1).  Specifically, Plaintiffs claim they were improperly subjected to an automatic half-hour deduction to their hourly wages for a lunch break that they often did not take, and that the lunch break should have been considered compensable time owed to Plaintiffs.  (ECF Nos. 6 and 8).[2]

In the meantime, this Court issued an order setting deadlines for joinder of parties and amendment of pleadings, as well as other pretrial deadlines.  (ECF No. 4).  The deadline for amending pleadings came and passed without any further amendment of the complaint, or addition of pendent or supplemental claims stemming from the same set of facts alleged in the amended complaint.  Yet, Plaintiffs knew or should have known of other theories for recovery, as well as their drawbacks.  Spirit answered the amended complaint (ECF No. 11), responded to Plaintiffs' Statement of Claim (ECF No. 15) and ultimately moved for summary judgment on all claims on April 25, 2011 (ECF Nos. 16 and 17).

*After* the deadline passed for responding to Spirit's motion for summary judgment, this Court issued an Order to Show Cause directing Plaintiffs to respond to the summary judgment motion by May 17, 2011.  (ECF No. 19).  *After* that deadline also passed, Plaintiffs requested additional time, which this Court granted (and which Spirit did not oppose).  (ECF Nos. 20 and 21).  Despite this additional time, Plaintiffs again failed to respond, and filed the pending motion

---

[1] *See* 29 U.S.C. § 213(b)(3); *Valdivieso v. Atlas Air Inc.*, 305 F.3d 1283, 1286-87 (11th Cir. 2002).

[2] Other individuals consented to join the action.  (ECF No. 9).

*after* the deadline passed rather than respond to Spirit's motion for summary judgment (or this Court's Order to Show Cause).[3]   Spirit now opposes Plaintiffs' pending motion and asks this Court to grant its motion for summary judgment.

## III.   ARGUMENT

Opposed or unopposed, Spirit is entitled to summary judgment on all of Plaintiffs' claims.   Plaintiffs' pending motion so much as concedes that there is no basis for opposing summary judgment.   *See* Motion (ECF No. 22) at pages 1-2.   Yet, Plaintiffs now seek an order of voluntary dismissal tailored exclusively to the FLSA claims – a procedural position that Plaintiffs appear to believe will allow them to file a new action or piecemeal litigation arising out of the same transactional nucleus of operative facts.   In essence, Plaintiffs seek a judicial "mulligan" from the effects of a valid final disposition of this matter.

Plaintiffs are correct in characterizing Spirit's unwillingness to consent to a special, limited dismissal in one respect: at this advanced stage in the case, Spirit has no interest in re-litigating the same issues that were or could have been advanced here in another lawsuit.   The principles of *res judicata* and even collateral estoppel support Spirit's position.   *See e.g. Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876); *Vines v. University of Louisiana at Monroe*, 398 F.3d 700, 709 (5th Cir. 2005); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226-28 (10th Cir. 1999); *Mirin v. Nevada ex rel. Public Service Commission*, 547 F.2d 91, 94 (9th Cir. 1976), *cert. denied*, 432 U.S. 906 (1977).   A defendant should not be twice-vexed by the same claim. *Reed v. Allen*, 286 U.S. 191, 198-99 (1932); *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294 (1917).   Yet, this may not be the appropriate juncture for raising or deciding those arguments -- though it is also not appropriate to short-circuit the potential effects that may flow from proper

---

[3] This portion of the procedural history is also summarized in this Court's Order Expediting Response and Reply. (ECF No. 23).

final disposition of this action.  Summary judgment on behalf of Spirit is fully warranted, and should be granted without the need to grant Plaintiffs' extraordinary request for dismissal with special conditions.

This was indeed the result in an analogous case in which the court denied a Rule 41(a)(2) motion for voluntarily dismissal while a summary judgment motion was pending.  In *Pezold Air Charters v. Phoenix Corp.*, 192 F.R.D. 721 (M.D. Fla. 2000), the court exercised its discretion to deny a motion for voluntary dismissal of counterclaims once a motion for summary judgment on the counterclaims was briefed and pending.  *Id.* at 728.  The court noted such factors as the defendant's effort and expense, delay and lack of diligence on the part of the plaintiff in prosecuting the action, and whether a motion for summary judgment had been filed by the defendant.  *Id.*  The "plaintiff" (counterclaimant seeking voluntary dismissal) offered no reason to justify voluntary dismissal at such a late stage in litigation.  *Id.*  With a supported motion for summary judgment pending, the court found prejudice to the party that filed for summary judgment, and would not allow the counterclaimant to use a motion for voluntary dismissal as a means to avoid the consequences of its actions in the case.  *Id.*; *citing Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (C.D. Tex. 1988) (dismissal should be refused when a plaintiff seeks to circumvent an expected adverse result).  As such, the court granted the pending motion for summary judgment and denied the motion for voluntary dismissal.  *Id. See also McBride v. Piedmont Engineers of the Carolinas, P.C.*, 189 Fed. Appx. 876, 2006 U.S. App. LEXIS 17297 (11th Cir. July 11, 2006) (upheld district court's denial of plaintiff's motion to dismiss while defendant's summary judgment motion was pending; plaintiff had conceded that he could not survive defendant's summary judgment motion); *SFM Holdings, Ltd. v. Fisher*,

2009 U.S. Dist. LEXIS 71953 (S.D. Fla. Aug. 6, 2009) (rejecting plaintiffs' attempt to dismiss complaint in order to file state court action while summary judgment motion was pending).

The same result is warranted in this case. Plaintiffs ignored Spirit's explanations on why their action was not sustainable as clearly set forth in its March 23, 2011 Response to Plaintiffs' Statement of Claim (ECF No. 15) -- forcing Spirit to engage in informal discovery and to prepare and support a motion for summary judgment. Plaintiffs allowed the deadline for amending the pleadings to pass. Plaintiffs allowed several deadlines to pass for opposing summary judgment and even for responding to this Court's show cause order. In the end, Plaintiffs conceded that there was no basis for opposing Spirit's summary judgment motion, but now seek another chance to posit a third theory for recovery under the same set of facts alleged in the amended complaint. The same type of prejudice to Spirit discussed in the cases above warrants denial of Plaintiffs' last-minute motion for voluntary dismissal in this case.

## IV.   CONCLUSION

WHEREFORE, Defendant Spirit respectfully requests that this Honorable Court (1) deny Plaintiffs' pending motion and instead (2) grant Spirit's Motion for Summary Final Judgment and all other relief which this Court deems appropriate, including attorneys' fees and costs.

DATED this 23rd day of May 2011.

Respectfully submitted,


By: _/s/Patrick F. Martin_____

Patrick F. Martin
Florida Bar No. 0998729
Leona N. McFarlane
Florida Bar No. 16501
LITTLER MENDELSON, P.C.
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1500
Miami, FL 33131-1804
(305) 400-7500
(305) 603-2552-facsimile

Peter J. Petesch
LITTLER MENDELSON, P.C.
1150 Seventeenth Street, N.W., Suite 900
Washington, DC  20036
(202) 842-3000
(866) 844-1358-facsimile

Counsel for Defendant Spirit Airlines, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of May, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_/s/Patrick F. Martin_

Patrick F. Martin, Esq.