UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60334-CIV-COHN/SELTZER

ROBERT KING and
FAVIOLA L. GARCIA,

       Plaintiffs,

v.

SPIRIT AIRLINES, INC.,

       Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR VOLUNTARY DISMISSAL

**THIS CAUSE** is before the Court on Defendant Spirit Airlines, Inc.'s Motion for Summary Judgment [DE 16] ("Motion for Summary Judgment") and Plaintiffs Robert King and Faviola L. Garcia's Partially Opposed Motion for Voluntary Dismissal With Prejudice [DE 22] ("Motion for Voluntary Dismissal"). The Court has considered the Motion for Summary Judgment and Defendant's related submissions, the Motion for Voluntary Dismissal, Defendant's Response to Plaintiffs' Motion for Voluntary Dismissal [DE 24] ("Response"), and the record in this case, and is otherwise advised in the premises.[1]

---

[1] The Court notes that Plaintiffs did not file a Response in opposition to the Motion for Summary Judgment or a Reply in support of their Motion for Voluntary Dismissal, and the time for filing such documents has passed.

## I. BACKGROUND

On February 15, 2011, Plaintiffs Robert King and Faviola Garcia brought this action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. [DE 1]. On April 25, 2011, Defendant Spirit Airlines, Inc. filed its Motion for Summary Judgment. When Plaintiffs failed to respond to the Motion for Summary Judgment and the deadline for responding had passed, the Court entered an Order to Show Cause [DE 19] directing Plaintiffs to show cause on or before May 17, 2011 why the Motion for Summary Judgment should not be granted. The Court warned, "**Failure to do so may result in the motion being granted by default.**" Order to Show Cause at 1. Plaintiffs failed to respond by the May 17th deadline. Rather, on May 18, 2011, after the response deadline had passed, they moved for a two-day extension of time to respond to the Order to Show Cause [DE 20]. The Court granted the request in a Paperless Order [DE 21] allowing Plaintiffs to respond to the Order to Show Cause by no later than May 19, 2011. Once again, Plaintiffs failed to respond.

On May 20, 2011, the day after the May 19th deadline had passed, Plaintiffs filed their Motion for Voluntary Dismissal. In their motion, Plaintiffs represent, "Counsel for Plaintiffs and Defendant have agreed that the pending FLSA claims may be dismissed with prejudice. However, Plaintiffs wish to make clear that this dismissal with prejudice only operates with prejudice as to claims made under the FLSA: the point of this dismissal would be that Plaintiffs still have the ability to pursue wage claims predicated on a theory of recovery outside the FLSA." Mot. for Vol. Dismissal ¶ 5. Plaintiffs note that Defendant "objects to any limitations being placed on the 'with prejudice' aspect of

the dismissal, presumably because Defendant wishes to later assert that any claims arising out of the same nucleus of operative facts have been dismissed with prejudice." Id. ¶ 6. In its Response, Defendant requests that the Court grant the Motion for Summary Judgment and deny the Motion for Voluntary Dismissal as moot. Resp. at 1.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant's Motion for Summary Judgment requests summary judgment in Defendant's favor, including attorney's fees and costs, based on Plaintiffs' inability to state a claim under the FLSA. See Mot. for Summary Jgmt. at 3, 6. Despite multiple opportunities to respond to Defendant's Motion for Summary Judgment, and despite the warning that failure to respond to the Order to Show Cause could result in the motion being granted by default, Plaintiffs never responded. See supra. Even in their Motion for Voluntary Dismissal, Plaintiffs do not contest Defendant's arguments for summary judgment, but rather state that they, "are willing to concede that their claims may be more appropriately pursued as state law claims for unpaid wages." Mot. for Vol. Dismissal at 2 ¶ 4. Accordingly, in light of the fact that there is no dispute as to the merits of the Motion for Summary Judgment, and the fact that Plaintiffs have not filed a Response and the time for doing so has passed, the Court will grant the Motion for Summary Judgment by default.

## III. MOTION FOR VOLUNTARY DISMISSAL

Plaintiffs' Motion for Voluntary Dismissal requests an order dismissing their case with prejudice, but with the prejudice operating only as to the FLSA claims so that Plaintiffs may pursue wage claims predicated on a theory of recovery outside the FLSA.

3

Mot. for Vol. Dismissal ¶ 5.  In light of the fact that the Court's ruling on the Motion for Summary Judgment disposes of this entire case, Plaintiffs' Motion for Voluntary Dismissal is moot.  However, even if the Motion for Voluntary Dismissal were not moot, it would still merit denial for the reasons set forth below.

Federal Rule of Civil Procedure 41(a) sets forth the rules for voluntary dismissal.  See Fed. R. Civ. P. 41(a).  The rule provides, a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).  Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Here, Plaintiffs cannot dismiss this case unilaterally because Defendant already filed both an Answer [DE 11] and a Motion for Summary Judgment, and Plaintiffs did not submit a stipulation signed by all parties who have appeared.  See Fed. R. Civ. P. 41(a)(1)(A).  Therefore, any dismissal must be by court order.  See Fed. R. Civ. P. 41(a)(2).

Normally, a court should allow voluntary dismissal under Rule 41(a)(2) unless the defendant will suffer some "plain prejudice other than the mere prospect of a second lawsuit." Fisher v. Puerto Rico Marine Mgmt., Inc., 940 F.2d 1502, 1502-03 (11th Cir. 1991).  However, a district court has broad discretion when determining whether to permit voluntary dismissal.  See id. at 1503.  "[W]hen exercising its discretion . . . , the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." Id.  "To determine whether a defendant will suffer plain legal prejudice, the Court should consider such factors as: (1) the defendant's effort and

4

expense of preparation for trial; (2) excessive delay and lack of diligence on the plaintiff's part; (3) whether the defendant has filed a motion for summary judgment; and (4) the plaintiff's insufficient explanation for the need for dismissal. Penzold Air Charters v. Phoenix Corp., 192 F.R.D. 721, 728 (M.D. Fla. 2000) (citing Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)).

As applied to this case, these factors indicate that dismissal would prejudice Defendant. First, Defendant has already expended time and money litigating this case. Defendant has been defending this action since February, and trial is set to begin in just two months. See Pezold, 192 F.R.D. at 728 (finding prejudice when trial was less than four months away). Second, not only have Plaintiffs caused delay in failing to respond to the Motion for Summary Judgment on multiple occasions, see *supra*, but also they have not been diligent in pursuing the claims they now wish to assert in state court. Plaintiffs had the opportunity to amend their Complaint to assert additional causes of action by March 17, 2011 pursuant to the Court's Scheduling Order [DE 4]. Though Plaintiffs filed one Amended Complaint [DE 6] on February 28, 2011, there was still time to request additional amendments after that date and before the March 17th deadline, but Plaintiffs did not request permission to file a Second Amended Complaint. Further, Plaintiffs could have sought dismissal under Rule 41(a)(2) after Defendant filed its Answer on March 16, 2011 or its Response to the Statement of Claim [DE 15] on March 23, 2011, but Plaintiffs did not seek dismissal despite the fact that both of Defendant's filings recognized Plaintiffs' inability to state a claim under the FLSA. Third, Defendant filed a Motion for Summary Judgment, which was pending for almost one month before Plaintiffs filed their Motion for Voluntary Dismissal.

Fourth, and perhaps most importantly, Plaintiffs offer an insufficient explanation for their need for dismissal.  Plaintiffs seek dismissal of this case in order to pursue alternative legal theories in a state court action.  See Mot. for Vol. Dismissal at 2 ¶¶ 4-5.  Here, as in SFM Holdings, Ltd. v. Fisher, No. 08-81177-CIV, 2009 WL 2425760 (S.D. Fla. Aug. 6, 2009), where the court rejected dismissal and instead ruled on a pending motion for summary judgment, Plaintiffs desire to dismiss the case only to restart the litigation process in state court.  See SFM Holdings, 2009 WL 2425760, at *4; see also Mot. for Vol. Dismissal at 2 ¶¶ 4, 5.  Similar to McBride v. Piedmont Eng'rs of the Carolinas, P.C., 189 Fed. App'x 876 (11th Cir. 2006), where the district court was within its discretion when denying a motion to dismiss because the "motion to dismiss—filed while Defendants's summary judgment motions were pending—was solely motivated to avoid an expected adverse ruling on Defendants' summary judgment motions," id. at 878 (citations and quotations omitted), Plaintiffs in this case essentially concede that they cannot survive Defendant's Motion for Summary Judgment, see Mot. for Vol. Dismissal at 2 ¶ 4.  The Court will not allow Plaintiffs to avoid an adverse summary judgment ruling at this stage simply by requesting voluntary dismissal.

Therefore, in light of Defendant's effort and expense defending itself and preparing for trial, Plaintiffs' delay and lack of diligence in litigating this case, Defendant's pending Motion for Summary Judgment, and Plaintiffs' insufficient explanation of its need for dismissal, the Court finds that dismissal of this action at this stage would impose plain legal prejudice on Defendant.  See Penzold, 192 F.R.D. at 728.  Therefore, even if the Motion for Voluntary Dismissal were not moot, it would still be denied.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 16] is **GRANTED**;

2. Plaintiffs' Partially Opposed Motion for Voluntary Dismissal With Prejudice [DE 22] is **DENIED**;

3. The Court will enter a separate final judgment order consistent with the above ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 8th day of June, 2011.

_James I. Cohn_
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF